■ Fauzia F. Hussain, Respondent, v General Motors Corporation, Appellant. [715 NYS2d 394] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about April 3, 2000, which, *inter alia*, denied defendant's motion for production of plaintiff's retainer agreement with counsel and all of counsel's time sheets relevant to this action, unanimously affirmed, without costs.

In this action for breach of warranty brought pursuant to the Magnuson-Moss Warranty—Federal Trade Commission Im-

provement Act (15 USC § 2301 *et seq.*), the motion court properly exercised its discretion in denying defendant discovery of plaintiff's retainer agreement and his counsel's time sheets (*see, Miracle Sound v New York Prop. Ins. Underwriting Assn.,* 169 AD2d 468). Pursuant to the Magnuson-Moss Warranty— Federal Trade Commission Improvement Act, attorneys' fees do not become an issue until plaintiff prevails, either at trial or through settlement (15 USC § 2310 [d] [2]). Accordingly, the documents sought, bearing as they do solely upon the issue of attorneys' fees, are neither material nor necessary at this early stage of the litigation. That documents may prove helpful or even necessary in settlement considerations or negotiations does not render those documents material and necessary within the meaning of CPLR 3101. Should there be a recovery for plaintiff, defendant may, of course, renew its request for the presently sought documents. Concur—Nardelli, J. P., Williams, Mazzarelli, Andrias and Saxe, JJ.