SECOND DEPARTMENT, MAY, 2008

(May 6, 2008)

■ LUIS R. ACEVEDO et al., Respondents, v TOWN 'N COUNTRY CONDOMINIUM, SECTION I, BOARD OF MANAGERS, Appellant. [857 NYS2d 691]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County

(Nelson, J.), dated December 5, 2007, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiffs, unit owners of a condominium, alleged, inter alia, that the defendant, the board of managers of the Town 'N Country Condominium, Section I, breached its fiduciary duty in failing to obtain sufficient fire insurance. The defendant moved for summary judgment dismissing the complaint arguing that, among other things, its actions were protected from judicial review pursuant to the business judgment rule.

The business judgment rule, which applies to condominium boards, prohibits judicial inquiry into the actions of the board as long as the board acts for the purpose of the condominium, within its authority and in good faith (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 2 [1987]). The defendant met its prima facie burden by establishing that it acted in good faith, within its authority, and for the benefit of the condominium, when it retained an insurance broker to procure insurance sufficient to cover full replacement of the buildings to the extent obtainable. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the court should have granted the defendant's motion for summary judgment dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]; *Gershman v Habib*, 37 AD3d 530 [2007]). Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.