■ Board of Managers of the Stewart Place Condominium, Respondent, v Angelo Bragato, Appellant. (And a Third-Party Action.) (Appeal Nos. 1 and 2.) Board of Managers of the Stewart Place Condominium, Appellant-Respondent, v Angelo Bragato, Respondent-Appellant. (And a Third-Party Action.) (Appeal No. 3.) [863 NYS2d 763]—

In an action, inter alia, for a judgment declaring that the parking spaces of the Stewart Place Condominium constitute limited common elements and cannot be rented or sold to persons who do not reside at the condominium, (1) the defendant appeals from stated portions of an order of the Supreme

Court, Westchester County (Carey, J.H.O.), dated June 13, 2006, which, upon the plaintiff's application for an award of an attorney's fee, inter alia, directed the parties to file further papers on the issue of what portion of the plaintiff's fee claims related to two of the plaintiff's successful claims, (2) the defendant appeals, as limited by his brief, from stated portions of a decision of the same court dated September 22, 2006, and (3) the plaintiff appeals from an order of the same court dated November 2, 2006, which denied its application for an award of an attorney's fee, and the defendant cross-appeals from stated portions of the same order.

Ordered that the appeals from the order dated June 13, 2006 and the decision dated September 22, 2006 and the cross appeal from the order dated November 2, 2006 are dismissed; and it is further,

Ordered that on the Court's own motion, the plaintiff's notice of appeal from the order dated November 2, 2006 is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated November 2, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The order dated June 13, 2006 is not appealable as of right, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701 [a] [2]). In any event, that order has been superseded by the order dated November 2, 2006. The appeal from the decision must be dismissed as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]). Moreover, the defendant's cross appeal from the order dated November 2, 2006 must be dismissed as he is not aggrieved thereby (see CPLR 5511).

Contrary to the plaintiff's contention, the Supreme Court properly denied its application for an award of an attorney's fee. The applicable provision of the bylaws limited the right to recover an attorney's fee to that incurred in actions or proceedings brought to recover damages, for injunctive relief, or for the levy of a fine. Here, the plaintiff was only entitled to an attorney's fee for the work performed on the fourth cause of action seeking injunctive relief. However, since it failed to provide the court with a breakdown of fees related to that cause of action, it failed to sufficiently demonstrate the reasonable value of the award to which it was entitled (see Board of Mgrs. of Bedford Mews Condominium v Nasr, 37 AD3d 506 [2007]; American Motorists Ins. Co. v Trans Intl. Corp., 265 AD2d 280 [1999]). Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.