■ Jane Yusin et al., Respondents, v Saddle Lakes Home Owners Association, Inc., et al., Appellants. [902 NYS2d 139]—

In a consolidated action, inter alia, for a permanent injunction and for a judgment declaring the invalidity of a rule enacted by the Board of Managers of the Saddle Lakes Homeowners Association on July 9, 2008, requiring that all pets be leashed and walked in the streets rather than the walkways and grassy areas of a condominium development, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 6, 2009, as upon consolidation, and upon, in effect, the denial of the motion of the plaintiffs Jane Yusin and Wendy Yusin for summary judgment, denied their cross motion to dismiss the complaint asserted by those plaintiffs pursuant to CPLR 3211 (a) (1) and (7), or alternatively, for summary judgment and (2) so much of an order of the same court, also dated July 6, 2009, as denied their separate cross motion to dismiss the complaint asserted by the plaintiffs Frances Gillespie, Jane Lysik, Eline Martin, Arthur Monaco, Paul Peter, Pat Peter, Philip Kraft, Theresa Kraft, Bernard McCabe, Georgianna Seebeck, Jeanne Wetzel, and Virgina A. Oliver pursuant to CPLR 3211 (a) (1) and (7), or alternatively, for summary judgment.

Ordered that the first order is modified, on the law, by adding thereto a provision searching the record and granting those branches of the motion of the plaintiffs Jane Yusin and Wendy Yusin which were for summary judgment on the cause of action to declare the rule invalid, on the cause of action to permanently enjoin the defendants from enforcing the rule, and on the issue of liability with respect to the cause of action to recover damages relating to the fines imposed by the Board of Managers of the Saddle Lakes Home Owners Association for those plaintiffs' violations of the rule; as so modified, the first order is affirmed insofar as appealed from; and it is further,

Ordered that the second order is modified, on the law, by adding thereto a provision searching the record and awarding summary judgment to the plaintiffs Frances Gillespie, Jane Lysik, Eline Martin, Arthur Monaco, Paul Peter, Pat Peter, Philip Kraft, Theresa Kraft, Bernard McCabe, Georgianna Seebeck, Jeanne Wetzel, and Virgina A. Oliver on the cause of action to declare the rule invalid, on the cause of action to permanently enjoin the defendants from enforcing the rule, and on the issue of liability with respect to the cause of action to recover damages relating to the fines imposed by the Board of Managers of the Saddle Lakes Home Owners Association for those plaintiffs' violations of the rule; as so modified, the second order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs appearing separately and filing separate briefs.

The plaintiffs are residents and homeowners within the Saddle Lakes Condominium community (hereinafter the condominium), a residential community for people over the age of 55 located in Riverhead. The condominium's bylaws indicate that the homeowners were permitted to walk with their pets over the condominium's common areas. In July 2008, the defendant Board of Managers of the Saddle Lakes Home Owners Association (hereinafter the Board) passed a rule requiring homeowners to curb their pets and prohibiting the homeowners from walking their pets on the condominium's common areas. Violators of the rule were subject to a $50 fine.

The plaintiffs commenced this now-consolidated action, inter alia, against Saddle Lakes Home Owners Association, Inc., seeking, among other things, to permanently enjoin the defendants from enforcing the rule, a judgment declaring that the rule is invalid, and to recover damages relating to the fines imposed by the Board for the plaintiffs' violations of the rule. The plaintiffs alleged, inter alia, that because the condominium's bylaws required approval from 66$^2$/$_3$% of the home owners in order to amend the bylaws, the rule adopted by the Board was invalid. The defendants cross-moved to dismiss the complaints pursuant to CPLR 3211 (a) (1) and (7), or alternatively, for summary judgment.

A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may appropriately be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction" (*Kempf v Magida*, 37 AD3d 763, 764 [2007]). The court must accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine whether the facts as alleged fit within any cognizable legal theory (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). On a motion for summary judgment, a defendant must make a prima facie showing of its entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

"Where a unit owner challenges an action by a condominium Board of Managers, courts apply the business judgment rule"

(*Helmer v Comito*, 61 AD3d 635, 636 [2009]; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]; *Kaung v Board of Mgrs. of Biltmore Towers Condominium Assn.*, 70 AD3d 1004 [2010]; *Acevedo v Town 'N Country Condominium, Section I, Bd. of Mgrs.*, 51 AD3d 603 [2008]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 10 [1987]). The business judgment rule limits judicial review of decisions made by a condominium's board of managers to whether the board's "action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the condominium" (*Schoninger v Yardarm Beach Homeowners Assn.*, 134 AD2d at 10).

Here, the condominium's bylaws require the approval of 66²/₃% of the home owners in order to amend the bylaws, and approval from at least 51% of the votes of homes that are subject to first mortgages in order to effect a "material" change to those bylaws. However, the evidence submitted by the defendants in support of their cross motions indicates that their adoption of the subject rule was unauthorized by the condominium's bylaws and thus was not protected by the business judgment rule. Thus, the Supreme Court properly denied those branches of the defendants' cross motions which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) based on documentary evidence, since the documents submitted by the defendants failed to utterly refute the plaintiffs' factual allegations, conclusively establishing a defense as a matter of law (*see Rubinstein v Salomon*, 46 AD3d 536, 539 [2007]). In addition, the Supreme Court properly denied those branches of the defendants' cross motions which were to dismiss the complaint pursuant to CPLR 3211 (a) (7), as the complaint states a valid cause of action, inter alia, for a permanent injunction and declaratory relief. Likewise, the Supreme Court properly denied those branches of the defendants' cross motions which were for summary judgment dismissing the complaint, as the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

This Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Here, the issue of whether the defendants were authorized to adopt the subject rule was addressed in the motion of the plaintiffs Jane Yusin and Wendy Yusin and in the cross motions of the defendants before the Supreme Court. Thus, upon

searching the record, we award summary judgment to the plaintiffs on the causes of action to declare the rule invalid, on the causes of action to permanently enjoin the defendants from enforcing the rule, and on the issue of liability with respect to the causes of action to recover damages relating to the fines imposed by the Board for the plaintiffs' violations of the rule. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.