*749 The plaintiff is the owner of a unit at the Riverbend Condominium I in Peekskill, New York. The unit owners within Riverbend Condominiums I and II are members of the defendant Riverbend Homeowners Association, Inc. (hereinafter the Association), which is governed by a board of directors (hereinafter the Board) consisting of the boards of managers of Riverbend Condominiums I and II. The plaintiff commenced this action against, among others, the Association and the defendant Westchester Property Management Group, Inc. (hereinafter Westchester), seeking, among other things, a judgment declaring that certain fees and fines imposed by the Association are null and void. In the order appealed from, the Supreme Court denied the plaintiffs motion for summary judgment on the complaint, and granted the cross motion of the Association and Westchester (hereinafter together the moving defendants) for summary judgment, in effect, declaring that the fees and fines are not null and void. In addition, the Supreme Court granted that branch of the Association’s separate cross motion which was for summary judgment on the issue of liability on so much of its counterclaims as sought to recover unpaid common charges, fines, and fees other than attorney’s fees. The plaintiff appeals, and we affirm the order insofar as appealed from.
Pursuant to the bylaws of Condominium I and the Association, the Board has broad authority, inter alia, to collect common charges and expenses from the unit owners, to adopt and amend reasonable rules and regulations concerning the use of the units and the common elements, and to levy fines for viola *750 tions of the rules and regulations. Moreover, the bylaws contain restrictions on the leasing of units. In reviewing the Board’s actions, “ ‘absent claims of fraud, self-dealing, unconscionability or other misconduct, the court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the condominium’ ” (Skouras v Victoria Hall Condominium, 73 AD3d 902, 903 [2010], quoting Schoninger v Yardarm Beach Homeowners’ Assn., 134 AD2d 1, 10 [1987]; see Levine v Greene, 57 AD3d 627, 628 [2008]).
Here, in support of their cross motion for summary judgment, in effect, declaring that the subject fines and fees are not null and void, the moving defendants met their prima facie burden of establishing that the Board’s actions in amending and enforcing the rules and regulations concerning the leasing of units, parking, and pet ownership were within the scope of its authority, and done in good faith and in furtherance of the condominium’s legitimate interests (see Skouras v Victoria Hall Condominium, 73 AD3d at 903; Martino v Board of Mgrs. of Heron Pointe on Beach Condominium, 6 AD3d 505, 506 [2004]; Board of Mgrs. of Plymouth Vil. Condominium v Mahaney, 272 AD2d 283 [2000]). Further, the moving defendants demonstrated, prima facie, that the condominium’s bylaws authorized the assessment of late fees for unpaid common charges (see Granada Condominium I v Morris, 225 AD2d 520 [1996]). In opposition to the moving defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact regarding the legitimacy of the Board’s exercise of authority, or with respect to fraud, self-dealing, or other misconduct by the Board which would trigger further judicial inquiry (see Skouras v Victoria Hall Condominium, 73 AD3d at 904; Walden Woods Homeowners’ Assn. v Friedman, 36 AD3d 691, 692 [2007]).
The plaintiff’s remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment on the complaint, and properly granted the moving defendants’ cross motion for summary judgment, in effect, inter alia, declaring that the fines and fees imposed by the Board are not null and void. Further, the Supreme Court properly granted that branch of the Association’s separate cross motion which was for summary judgment on the issue of liability on so much of its counterclaims as sought to recover unpaid common charges, fines, and fees other than attorney’s fees.
Since this is, in part, a declaratory judgment action, we remit *751 the matter to the Supreme Court, Westchester County, for the entry of an appropriate judgment, inter alia, declaring that the fees and fines imposed by the Association are not null and void (see Lanza v Wagner, 11 NY2d 317 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Angiolillo, J.P, Dickerson, Belen and Miller, JJ., concur.