Board of Mgrs. of Fishkill Woods Condominium v Gottlieb (2020 NY Slip Op 03491)





Board of Mgrs. of Fishkill Woods Condominium v Gottlieb


2020 NY Slip Op 03491


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-03175 
2017-03965
 (Index No. 50287/16)

[*1]Board of Managers of Fishkill Woods Condominium, etc., respondent, 
v
Kenneth Gottlieb, et al., appellants. (Matter No. 1.)
Kenneth Gottlieb, et al., appellants,Fishkill Woods Condominium, et al., respondents. (Matter No. 2.)


Pascazi Law Offices PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for appellants.
Steven A. Campanaro, White Plains, NY, for respondents.



DECISION & ORDER
In a consolidated action, inter alia, for declaratory and injunctive relief, the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 appeal from (1) an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated March 3, 2017, and (2) a judgment of the same court dated April 11, 2017. The order, insofar as appealed from, in effect, (1) granted those branches of the motion of the plaintiff in Matter No. 1 and the defendants in Matter No. 2 which were for summary judgment (a), in effect, declaring that the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 were in violation of the declaration of the Fishkill Woods Condominium by failing to remove two dogs from the condominium community as directed by the Board of Managers of Fishkill Woods Condominium, (b) on their cause of action and counterclaim for an injunction compelling the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 to permanently remove the two dogs from the condominium community, (c), in effect, declaring that the fine imposed against the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 for their failure to remove the two dogs was lawful and enforceable to the extent that the fine was in the sum of $200, (d) on their cause of action and counterclaim for an award of attorneys' fees in an amount to be determined at a hearing, and (e) dismissing the cause of action and counterclaim of the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 for injunctive relief, and (2) denied those branches of the cross motion of the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 which were for summary judgment dismissing the complaint in Matter No. 1 and the counterclaims in Matter No. 2. The judgment, insofar as appealed from, upon the order, declared that the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 were in violation of the declaration of the Fishkill Woods Condominium by failing to remove the two dogs from the condominium community as directed by the Board of Managers of Fishkill Woods Condominium, awarded an injunction compelling the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 to permanently remove the two dogs from the condominium community, declared that the fine imposed against the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 for their failure to remove the two dogs was lawful and [*2]enforceable to the extent that the fine was in the sum of $200, awarded the plaintiff in Matter No. 1 and the defendants in Matter No. 2 attorneys' fees in an amount to be determined at a hearing, and dismissed the cause of action and the counterclaim of the defendants in Matter No. 1 and the plaintiffs in Matter No. 2 for injunctive relief.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The appeal from the order dated March 3, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Kenneth Gottlieb and Terry Gottlieb (hereinafter together the appellants) own a condominium unit located within the Fishkill Woods Condominium (hereinafter the Condominium). The Board of Managers of Fishkill Woods Condominium (hereinafter the BOM) is an unincorporated condominium association created for the purpose of governing the affairs of the Condominium. Peter Galotti, at all relevant times, was the president of the BOM.
In two separate incidents that occurred in 2014 and 2015, two dogs owned by the appellants allegedly attacked two neighbors on Condominium property. In February 2016, the BOM commenced an action against the appellants (hereinafter Matter No. 1), alleging, inter alia, that because of the 2014 and 2015 incidents and complaints from other homeowners, it provided the appellants with written notice to remove the dogs from the Condominium community, in accordance with the Condominium's declaration. The BOM alleged that the appellants failed to remove the dogs from the Condominium community and sought a judgment declaring that the appellants were in violation of the declaration. The BOM also sought an injunction compelling the appellants to permanently remove the dogs from the Condominium community and an award of attorneys' fees.
Shortly thereafter, the appellants commenced an action against the Condominium, Galotti, and the BOM (hereinafter collectively the BOM parties) for declaratory and injunctive relief (hereinafter Matter No. 2). The appellants alleged that the BOM parties unlawfully encumbered the appellants' condominium unit with a fine of $100 per day, which commenced on January 11, 2016, and unlawfully demanded the removal of the dogs. The appellants sought declaratory and injunctive relief with respect to the BOM parties' allegedly unlawful actions, including a judgment declaring that the fine and the demand for the removal of the dogs were unenforceable, or, in the alternative, that the BOM parties could only impose a fine of $100, not $100 per day.
In response to the complaint in Matter No. 1, the appellants interposed an answer with counterclaims that were identical to the causes of action alleged by the appellants in Matter No. 2. In response to the complaint in Matter No. 2, the BOM parties interposed an answer with counterclaims that were identical to the causes of action alleged by the BOM in Matter No. 1. In April 2016, upon the parties' consent, Matter Nos. 1 and 2 were consolidated.
In September 2016, the BOM parties moved for summary judgment with respect to the complaints and the counterclaims in Matter Nos. 1 and 2. In support of the motion, the BOM parties argued that the decision to demand the removal of the dogs and to fine the appellants for their continued failure to remove the dogs was protected by the business judgment rule. The BOM parties also argued that they were entitled to an award of attorneys' fees pursuant to Real Property Law § 339-j and the Condominium's bylaws. The appellants opposed the Board's motion and cross-moved, inter alia, for summary judgment dismissing the complaint in Matter No. 1 and the counterclaims in Matter No. 2 and for a judgment declaring that pursuant to the declaration and the bylaws, the maximum fine that could be assessed against them for the failure to remove the dogs was $200.
In an order dated March 3, 2017, the Supreme Court, inter alia, in effect, granted those branches of the BOM parties' motion which were for summary judgment (1), in effect, declaring that the appellants were in violation of the Condominium's declaration by failing to remove the dogs from the Condominium community, (2) on their cause of action and counterclaim for an injunction compelling the appellants to permanently remove the dogs from the Condominium community, (3), in effect, declaring that the fine imposed against the appellants for their failure to remove the dogs was lawful and enforceable to the extent that the fine was in the sum of $200, (4) on their cause of action and counterclaim for an award of attorneys' fees in an amount to be determined at a hearing, and (5) dismissing the appellants' cause of action and counterclaim for injunctive relief. The court also, in effect, denied those branches of the appellants' cross motion which were for summary judgment dismissing the complaint in Matter No. 1 and the counterclaims in Matter No. 2. The court thereafter issued a judgment dated April 11, 2017, upon the order.
We agree with the Supreme Court's determination, in effect, denying those branches of the appellants' cross motion which were for summary judgment dismissing the complaint in Matter No. 1 and the counterclaims in Matter No. 2. The appellants waived any argument, in effect, that the BOM parties lacked the capacity to sue them, as the appellants failed to assert that defense in their responsive pleadings or in a pre-answer motion to dismiss (see CPLR 3211[a][3]; [e]; City of New York v State of New York, 86 NY2d 286, 292; Chase Manhattan Bank v Nath, 162 AD3d 975, 978; Perine Intl. Inc. v Bedford Clothiers, Inc., 143 AD3d 491, 492; Town of Delhi v Telian, 119 AD3d 1049, 1050; Edwards v Siegel, Kelleher & Kahn, 26 AD3d 789, 790). Moreover, the appellants failed to establish, prima facie, that the BOM's alleged failure to follow proper corporate governance required dismissal of the BOM's complaint and counterclaims.
We agree with the Supreme Court's determination that the BOM properly directed the removal of the dogs. In reviewing a condominium board's actions, courts should apply the business judgment rule (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 539; Cave v Riverbend Homeowners Assn., Inc., 99 AD3d 748, 750; Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d 1, 10). "Under the business judgment rule, the court's inquiry is limited to whether the board acted within the scope of its authority under the bylaws (a necessary threshold inquiry) and whether the action was taken in good faith to further a legitimate interest of the condominium. Absent a showing of fraud, self-dealing or unconscionability, the court's inquiry is so limited and it will not inquire as to the wisdom or soundness of the business decision" (Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d at 9; see Yusin v Saddle Lakes Home Owners Assn., Inc., 73 AD3d 1168, 1170).
Here, the BOM established, prima facie, that its determination to direct the permanent removal of the dogs was within its authority, in good faith, and in furtherance of the Condominium's legitimate interest (see Cave v Riverbend Homeowners Assn., Inc., 99 AD3d at 750; Skouras v Victoria Hall Condominium, 73 AD3d 902, 903; Acevedo v Town N Country Condominium, Section I, Bd. of Mgrs., 51 AD3d 603, 604). The Condominium's declaration provides, in relevant part, that "[t]he ability to keep a pet is a privilege, not a right. If, in the opinion of the [BOM], any pet becomes a source of unreasonable annoyance to others, or the owner of the pet fails or refuses to comply with these restrictions, the owner, upon written notice, may be required to remove the pet [from] the Community."
Accordingly, the declaration allowed the BOM to direct the removal of the dogs if, in its opinion, the dogs were an unreasonable annoyance. Based upon the 2014 and 2015 incidents, as well as a petition signed by nearly all of the unit owners in the Condominium community, the BOM concluded that the dogs were an unreasonable annoyance. Further, the BOM established that it acted in good faith by, inter alia, submitting evidence that it offered the appellants an opportunity to describe their version of the 2014 and 2015 incidents at a meeting; however, the appellants declined to attend (see Cave v Riverbend Homeowners Assn., Inc., 99 AD3d at 750; Skouras v Victoria Hall Condominium, 73 AD3d at 903; Acevedo v Town N Country Condominium, Section I, Bd. of Mgrs., 51 AD3d at 604). In opposition, the appellants failed to raise a triable issue of fact regarding the legitimacy of the BOM's exercise of authority, or their allegations of bad faith or other misconduct which would warrant further judicial inquiry (see Cave v Riverbend Homeowners' Assn., [*3]Inc., 99 AD3d at 750; Skouras v Victoria Hall Condominium, 73 AD3d at 904; Acevedo v Town N Country Condominium, Section I, Bd. of Mgrs., 51 AD3d at 604).
Regarding the Supreme Court's determination that the BOM parties were entitled to an award of attorneys' fees in accordance with Real Property Law § 339-j and the Condominium's bylaws, we note that "[u]nder the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154 [internal quotation marks omitted]; see Mount Vernon City School Dist. v Nova Cas. Co., 19 NY3d 28, 39; Baker v Health Mgt. Sys., 98 NY2d 80, 88).
Real Property Law § 339-j, entitled "Compliance with by-laws and rules and regulations," allows, as relevant here, a condominium board of managers on behalf of the unit owners to commence an action "to recover sums due, for damages or injunctive relief or both," in the event of a unit owner's failure to strictly comply, inter alia, with the condominium bylaws, rules, and regulations. This statute, which expressly governs compliance with condominium bylaws, rules, and regulations, necessarily implicates a review of such bylaws, rules, and regulations, and does not preclude a board of managers from seeking an award of reasonable attorneys' fees (cf. Board of Mgrs. of Stewart Place Condominium v Bragato, 54 AD3d 791). Therefore, in determining whether the Supreme Court properly determined that the BOM parties were entitled to an award of attorneys' fees, we must be guided by the specific provisions contained in the Condominium's bylaws.
The BOM parties established, prima facie, that they were entitled to an award of reasonable attorneys' fees under the bylaws, but only in connection with the causes of action and counterclaims for recovery of the unpaid fine imposed on the appellants, which the Supreme Court determined was limited to $200 (see Glenridge Mews Condominium v Kavi, 90 AD3d 604, 605; Board of Mgrs. of Stewart Place Condominium v Bragato, 54 AD3d at 792; Board of Mgrs. of Bedford Mews Condominium v Nasr, 37 AD3d 506, 507-508; Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d at 11). Specifically, Article VI, section 2(c) of the bylaws provides that in the event any homeowner fails to make a payment of his or her "Common Charge," the homeowner shall be obligated to pay "all expenses, including, without limitation, attorneys' fees paid or incurred by the [BOM] . . . in any proceeding brought to collect such unpaid Common Charges." Pursuant to Article VIII, section 8(p) of the bylaws, a fine for an uncorrected violation "is to be considered as an additional common charge to the account of the violator and shall be treated as such regarding late penalties." Accordingly, the BOM parties are entitled under the bylaws to recover from the appellants the reasonable attorneys' fees paid or incurred in recovering the appellants' unpaid common charges (see Board of Mgrs. of Bedford Mews Condominium, 37 AD3d at 507-508).
In opposition, the appellants failed to raise a triable issue of fact. Their contentions regarding the BOM parties' alleged failure to produce their retainer agreement with their attorney and their attorney's alleged noncompliance with 22 NYCRR 1215.1 are not relevant to the issues decided in these appeals (see Hussain v General Motors Corp., 276 AD2d 452, 453).
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court