Ratto v Oliva (2021 NY Slip Op 03860)





Ratto v Oliva


2021 NY Slip Op 03860


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-10251 
2018-10252
2018-10253
2018-12141
 (Index No. 61114/16)

[*1]Luis Ratto, appellant,
v
Claudia Oliva, respondent.


Finger & Finger, White Plains, NY (Carl L. Finger of counsel), for appellant.
Lenihan & Associates, White Plains, NY (James M. Lenihan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to dissolve a partnership, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Nicholas Colabella, J.H.O.), dated July 12, 2018, (2) an order of the same court also dated July 12, 2018, (3) an order of the same court dated August 29, 2018, and (4) an order of the same court (Joan B. Lefkowitz, J.) dated October 12, 2018. The first order dated July 12, 2018, denied the plaintiff's motion for leave to amend the complaint. The second order dated July 12, 2018, denied the plaintiff's motion to strike the defendant's demand for a jury trial. The order dated August 29, 2018, insofar as appealed from, upon reargument, adhered to the prior determination in the second order dated July 12, 2018. The order dated October 12, 2018, denied the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim to recover damages for intentional infliction of emotional distress.
ORDERED that the appeal from the second order dated July 12, 2018, is dismissed, without costs or disbursements, as that order was superseded by the order dated August 29, 2018, made upon reargument; and it is further,
ORDERED that the first order dated July 12, 2018, is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the plaintiff's motion for leave to amend the complaint is granted; and it is further,
ORDERED that the order dated August 29, 2018, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated October 12, 2018, is reversed, on the law, without costs or disbursements, and the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim to recover damages for intentional infliction of emotional distress is granted.
In August 2007, the plaintiff and the defendant allegedly entered into an oral agreement establishing a general partnership to own, manage, and maintain real estate and, in [*2]furtherance of that agreement, jointly held title to two properties in Port Chester.
In August 2016, the plaintiff commenced this action against the defendant, asserting five causes of action: (1) for enforcement of the alleged oral partnership agreement and for dissolution of the partnership; (2) for an accounting; (3) to recover damages for misappropriation of partnership funds; (4) to recover damages for unjust enrichment; and (5) to recover damages for conversion. The defendant joined issue, denying the existence of any partnership and asserting counterclaims, inter alia, to recover damages for intentional infliction of emotional distress. On November 8, 2017, the plaintiff filed a note of issue. Subsequently on that same date, the defendant demanded a trial by jury to determine all issues of fact in the case pursuant to CPLR 4102(a).
In June 2018, the plaintiff, represented by new counsel, moved for leave to amend the complaint to add a cause of action for partition of the two jointly held properties in the event the alleged partnership is found not to exist. In July 2018, the plaintiff moved to strike the defendant's demand for a jury trial. In an order dated July 12, 2018, the Supreme Court denied the plaintiff's motion for leave to amend the complaint. In a second order dated July 12, 2018, the court denied the plaintiff's motion to strike the defendant's demand for a jury trial.
In August 2018, the plaintiff moved for leave to reargue his prior motion to strike the defendant's demand for a jury trial. In an order dated August 29, 2018, the Supreme Court granted the plaintiff leave to reargue, but, upon reargument, adhered to its prior determination denying the plaintiff's prior motion to strike the defendant's demand for a jury trial.
In October 2018, the plaintiff moved pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim to recover damages for intentional infliction of emotional distress. In an order dated October 12, 2018, the Supreme Court denied the plaintiff's motion to dismiss.
An action in which a party demands and sets forth facts which "would permit a judgment for a sum of money only" is triable by a jury, unless a jury trial is waived (CPLR 4101[1]). Here, although the causes of action for dissolution of a partnership and for an accounting are equitable in nature (see Hausner v Mendelow, 198 AD2d 210, 210), the plaintiff also sought monetary relief for misappropriation of partnership funds, unjust enrichment, and conversion, which are legal claims. The plaintiff's joinder of legal and equitable claims does not deprive the defendant of her right to demand a jury trial (see KNET, Inc. v Ruocco, 145 AD3d 989, 992; Azoulay v Cassin, 103 AD2d 836, 836). Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination denying the plaintiff's motion to strike the defendant's demand for a jury trial.
"The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). In order to state a cause of action to recover damages for intentional infliction of emotional distress, the pleading must allege "conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community" (Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [internal quotation marks omitted]; see Benjamin v Assad, 186 AD3d 549, 550). While a deliberate and malicious campaign of harassment or intimidation may, under certain circumstances, be sufficient to meet that rigorous standard (see Eves v Ray, 42 AD3d 481), the conduct must consist of more than mere insults, threats, annoyances, or indignities (see Ajie Chen v Deliso, 169 AD3d 761; Leibowitz v Bank Leumi Trust Co. of N.Y., 152 AD2d 169, 182; Nestlerode v Federal Ins. Co., 66 AD2d 504).
Here, the defendant's allegation that the plaintiff, on a single occasion on an unspecified date, made a verbal threat against the life of the defendant's estranged husband, fails, as a matter of law, to allege conduct that is sufficiently extreme and outrageous as to meet the threshold requirements for intentional infliction of emotional distress (see Ajie Chen v Deliso, 169 AD3d at 762). Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim to recover damages for intentional infliction of emotional distress.
"Absent prejudice or surprise resulting from the delay in making the motion, leave to amend should be granted unless the proposed amendment is patently without merit or palpably improper" (Cullen v Torsiello, 156 AD3d 680, 681). Here, the plaintiff has alleged the existence of a general partnership and has sought, inter alia, to dissolve it, while the defendant has consistently denied the existence of such partnership. If the plaintiff prevails in establishing the existence of the partnership, then he cannot compel partition of the partnership property (see Altman v Altman, 271 App Div 884, affd 297 NY 973). However, since the existence of the partnership is disputed by the defendant, we see no reason why the plaintiff should not be permitted to plead, in the alternative (see CPLR 3014, 3017[a]), a cause of action to compel partition of the jointly held properties in the event no partnership is found to exist (cf. Notar-Francesco v Furci, 149 AD2d 490, 491-492; Tow v Moore, 24 AD2d 648, 649; Tita v Lampeas Family Ltd. Partnership No. 4, 26 Misc 3d 1241[A], 2010 NY Slip Op 50502[U] [Sup Ct, Queens County]). Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to amend the complaint.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court