Houtenbos v Fordune Assn., Inc. (2021 NY Slip Op 06678)





Houtenbos v Fordune Assn., Inc.


2021 NY Slip Op 06678


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-13390
 (Index No. 623825/17)

[*1]Marianne Houtenbos, appellant,
v
Fordune Association, Inc., respondent.


Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Susan R. Nudelman and Sigmund S. Semon of counsel), for respondent.
Braverman Greenspun, P.C., New York, NY (Andreas E. Theodosiou of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 11, 2018. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action, and substituting therefor provisions denying those branches of the defendant's motion, and (2) by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss so much of the third cause of action as seeks to recover membership fees paid on or after December 13, 2011, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff and her husband acquired real property located on Flying Point Road in Water Mill in 1987. Ownership of the property was subsequently transferred solely to the plaintiff. The defendant Fordune Association, Inc. (hereinafter Fordune), is the homeowners' association for the properties in the subdivision in which the plaintiff's property is located.
In September 2016, the plaintiff expressed her concern to Fordune regarding a residence being constructed on a neighboring lot of the subdivision which allegedly did not conform to certain architectural restrictions of the Fordune development. When Fordune failed to act in response, the plaintiff commenced this action asserting three causes of action: (1) to "vacat[e] or terminat[e] [her] membership" in Fordune due to its alleged failure to provide member services, (2) to recover damages for the alleged diminution in the value of her property due to Fordune's purported breach of contract, and (3) for a refund of all fees previously paid to Fordune.
Fordune moved to dismiss the complaint pursuant to CPLR 3211(a)(1), (5), and (7), or for summary judgment. In an order dated October 11, 2018, the Supreme Court directed dismissal [*2]of the complaint pursuant to CPLR 3211(a)(7). The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), "the standard is whether the pleading states a cause of action" (Sokol v Leader, 74 AD3d 1180, 1180-1181), and, "[i]n considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (id. at 1181 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). When the moving party submits evidentiary material in support of his or her motion, "the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). However, "a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it'" (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275).
The court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint when assessing a motion pursuant to CPLR 3211(a)(7) (see Leon v Martinez, 84 NY2d at 88). In those situations, the court should liberally construe the complaint, and accept as true the facts alleged in the complaint and any submissions in opposition to the motion to dismiss (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152). Although inartfully pleaded, a claim should not be dismissed when the facts stated are sufficient to make out a cause of action (see Leon v Martinez, 84 NY2d at 88; Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 578).
Here, dismissal pursuant to CPLR 3211(a)(7) was warranted only if Fordune established that a material fact as claimed by the plaintiff was not a fact at all, and that no significant dispute existed regarding it (see Kalaj v 21 Fountain Place, LLC, 169 AD3d 657, 658). Fordune failed to make such a showing.
The plaintiff's various causes of action were premised upon the alleged breach of the applicable by laws and declarations which constituted Fordune's contract with the plaintiff. Contrary to Fordune's contentions, the plaintiff sufficiently set forth some provisions of the by laws and declarations that Fordune allegedly breached. Moreover, although Fordune contends that the by laws do not permit the plaintiff to terminate her membership in the homeowners' association, the by laws contain no such express restriction, and the plaintiff sufficiently alleged a cause of action for rescission based on allegations of her reliance on promises that induced her to become a member and to continue paying membership fees (see generally Perlbinder v Vigilant Ins. Co., 190 AD3d 985).
Fordune likewise failed to adequately establish that its decision to approve the challenged building plan on the neighboring lot was protected by the business judgment rule. That rule prohibits judicial inquiry into actions of corporate directors when taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes, so long as the directors have not breached their fiduciary obligation to the corporation, even though the actions subsequently prove to have been unwise or inexpedient (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537-538). The rule does not apply, however, when the challenged decision was taken in violation of the corporation's purpose, outside the scope of its authority, or in violation of its governing documents (see Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697, 699; Kaung v Board of Mgrs. of Biltmore Towers Condominium Assn., 70 AD3d 1004, 1006; cf. Cave v Riverbend Homeowners Assn., Inc., 99 AD3d 748, 750). Thus, the business judgment rule "permits review of improper decisions, as when the challenger demonstrates that the board's action has no legitimate relationship to the welfare of the [corporation], deliberately singles out individuals for harmful treatment, is taken without notice or consideration of the relevant facts, or is beyond the scope of the board's authority" (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d at 540).
Here, the plaintiff submitted evidence indicating that Fordune's corporate purpose included the enforcement of restrictions and the preservation of the architectural style of the [*3]community as it was marketed to the owners. Accordingly, Fordune failed to establish that no dispute exists as to whether its decision was protected by the business judgment rule (see generally Matter of Dicker v Glen Oaks Vil. Owners, Inc., 153 AD3d 1399, 1401-1402; Wirth v Chambers-Greenwich Tenants Corp., 87 AD3d 470, 472; Cababe v Estates at Brookview Homeowner's Assn., Inc., 52 AD3d 557, 559).
Fordune further contends that the causes of action should have been dismissed pursuant to CPLR 3211(a)(1). "Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d at 88). Here, Fordune relied on a provision in the declaration of covenants, restrictions and easements known as the "Traglio Declaration," which prohibits owners from asserting a cause of action against Fordune for failing to supervise or enforce the architectural restrictions in that declaration. However, the plaintiff presented evidence that said provision conflicts with contrary provisions in the Traglio Declaration, Fordune's certificate of incorporation, and a separate declaration of covenants, restrictions, easements, charges, and liens known as the "Afirax Declaration." Thus, the documentary evidence submitted by Fordune did not utterly refute the plaintiff's allegations and conclusively establish Fordune's defense as a matter of law so as to warrant dismissal of the complaint pursuant to CPLR 3211(a)(1) (see Yusin v Saddle Lakes Home Owners Assn., Inc., 73 AD3d 1168, 1171).
With respect to that branch of Fordune's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, the statute of limitations applicable to a breach of contract cause of action is six years (see CPLR 213[2]), and begins at the time of the breach, even when no damage occurs until later, and even though the injured party may be ignorant of the existence of the wrong or injury (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402-403). While the third cause of action in the complaint sought reimbursement of membership fees dating back to October 1987 based on Fordune's ongoing breach, the plaintiff did not commence this action until December 13, 2017. Accordingly, so much of the third cause of action as accrued prior to December 13, 2011, must be dismissed as time-barred (see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d 1226, 1228).
The parties' remaining contentions are either without merit or not properly before this Court.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court