Davydov v Youssefi (2022 NY Slip Op 03228)

Davydov v Youssefi

2022 NY Slip Op 03228

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-04626
 (Index No. 609114/17)

[*1]Albert Davydov, appellant,
v
Albert Youssefi, respondent.

Chris Rykaczewski, Rego Park, NY, for appellant.
Diana Rubin, Manhassett, NY, for respondent.

DECISION & ORDER
In an action to recover damages for defamation, intentional infliction of emotional distress, and conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated May 13, 2020. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action of the amended complaint and denied the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 5, 2017, the plaintiff, a dentist, commenced this action against the defendant. In an amended complaint dated September 16, 2017, the plaintiff alleged three causes of action, sounding in defamation, intentional infliction of emotional distress, and conversion, respectively. In October 2018, the defendant interposed a verified answer to the amended complaint and asserted several counterclaims. The defendant subsequently moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. The plaintiff opposed the motion, and cross-moved pursuant to CPLR 3025(b) for leave to amend the amended complaint. In an order dated May 13, 2020, the Supreme Court granted those branches of the defendant's motion which were to dismiss the first cause of action, alleging defamation, and the second cause of action, to recover damages for intentional infliction of emotional distress, denied that branch of the defendant's motion which was to dismiss the third cause of action, to recover damages for conversion, and denied the plaintiff's cross motion. The plaintiff appeals.
In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, we afford the pleading a liberal construction, accept all facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Belling v City of Long Beach, 168 AD3d 900, 901; Mendelovitz v Cohen, 37 AD3d 670, 671). In assessing such a motion, "[t]he court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 664; see Leon v Martinez, 84 NY2d 83, 88). "In those situations, the court should liberally construe the complaint, and accept as true the facts alleged in the complaint and any submissions in opposition to the motion to dismiss" (Houtenbos v Fordune Assn., Inc., 200 AD3d at 664; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, [*2]152). "Although inartfully pleaded, a claim should not be dismissed when the facts stated are sufficient to make out a cause of action" (Houtenbos v Fordune Assn., Inc., 200 AD3d at 664; see Leon v Martinez, 84 NY2d at 88).
"'To state a cause of action alleging defamation, a plaintiff must allege that the defendant published a false statement, without privilege or authorization, to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se'" (Gottlieb v Wynne, 159 AD3d 799, 800, quoting Rosner v Amazon.com, 132 AD3d 835, 836-837; see Greenberg v Spitzer, 155 AD3d 27, 41). A false statement constitutes defamation per se if it, inter alia, "tends to injure another in his or her trade, business, or profession" (Matter of Konig v CSC Holdings, LLC, 112 AD3d 934, 935 [internal quotation marks omitted]). Here, the amended complaint, as supplemented by the plaintiff's affidavit submitted in opposition to the defendant's motion, did not identify statements by the defendant tending to injure the plaintiff in his trade, business, or profession (see Arvanitakis v Lester, 145 AD3d 650, 652; Rufeh v Schwartz, 50 AD3d 1002, 1005; cf. Gatz v Otis Ford, 262 AD2d 280, 281). While the plaintiff asserted in his affidavit that the defendant had called him a "fraud" and that he "operate[d] as a fake," there are no allegations that these statements were specifically directed at the plaintiff in his professional capacity as a dentist (see Rufeh v Schwartz, 50 AD3d at 1005). The assertion in the plaintiff's affidavit that the defendant accused him of conducting unnecessary treatments in his dental practice was similarly not defamatory per se, as the statements reflected a difference of opinion in the efficacy of the defendant's treatment recommendations rather than statements tending to injure the plaintiff in his trade, business, or profession. Since the plaintiff did not sufficiently allege defamation per se or that the statements caused special harm, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the first cause of action, alleging defamation.
The Supreme Court also properly granted that branch of the defendant's motion which was to dismiss the second cause of action, to recover damages for intentional infliction of emotional distress. "The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). "In order to state a cause of action to recover damages for intentional infliction of emotional distress, the pleading must allege 'conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Ratto v Oliva, 195 AD3d 870, 873, quoting Murphy v Amercian Home Prods. Corp., 58 NY2d 293, 303). Mere insults, threats, annoyances, or indignities are insufficient (see Ratto v Oliva, 195 AD3d at 873; Ajie Chen v Deliso, 169 AD3d 761, 762). Here, accepting as true the allegations in the amended complaint that the defendant shouted verbal threats and hostile and demeaning insults at the plaintiff while the plaintiff was in the process of moving his office to a new location, the alleged conduct was not "'so outrageous in character, and so extreme in degree' as to qualify as intentional infliction of emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d at 711, quoting Murphy v American Home Prods. Corp., 58 NY2d at 303).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying his cross motion for leave to amend the amended complaint to add a cause of action to recover damages for negligent infliction of emotional distress. "Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay unless the proposed amendment is palpably insufficient or patently devoid of merit" (Tavor v Lane Towers Owners, Inc., 197 AD3d 584, 586 [internal quotation marks omitted]). Here, the proposed amendment was palpably insufficient as it was premised on allegations of intentional conduct "which cannot form the basis of a cause of action sounding in negligence" (Trayvilla v Japan Airlines, 178 AD3d 746, 747; see Gruber v Donaldsons, Inc., 201 AD3d 887).
The defendant's remaining contention is without merit.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court