Lopez v Bendell (2022 NY Slip Op 03990)

Lopez v Bendell

2022 NY Slip Op 03990

Decided on June 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 21, 2022

Before: Gische, J.P., Friedman, González, Rodriguez, Pitt, JJ. 

Index No. 156292/17 Appeal No. 16170-16170A Case No. 2021-01325, 2021-04354 

[*1]Stephanie Lopez, Plaintiff-Respondent,
v
Harold Bendell, etc., et al., Defendants-Appellants.

Milman Labuda Law Group PLLC, Lake Success (Emanuel Kataev of counsel), for appellants.
Virginia & Ambinder, LLP, New York (Jack L. Newhouse of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered March 4, 2021, which, to the extent appealed from as limited by the briefs, denied in part defendants' motion to compel plaintiff to appear for an independent medical examination (IME) and respond to interrogatories and document requests, unanimously modified, on the law, the request to compel an IME granted, and otherwise affirmed, without costs. Order, same court and Justice, entered October 20, 2021, which denied defendants' motion to vacate the note of issue, unanimously reversed, on the law and the facts, and the motion granted, without costs.
Supreme Court providently exercised its discretion in limiting defendants' discovery request for plaintiff's social media posts (see State of N.Y., City of N.Y., ex rel. Campagna v Post Integrations, Inc., 168 AD3d 647, 647 [1st Dept 2019], citing Forman v Henkin, 30 NY3d 656, 662 [2018]). The court tailored the requests to this particular controversy — specifically, the impact of plaintiff's employment on her physical and mental well-being — and properly included temporal limitations (Forman, 30 NY3d at 665).
The court also providently denied the majority of defendants' demands as irrelevant or overly broad (see Bogoch v W.S.L.S.J. & I. Weinreb, 295 AD2d 108, 109 [1st Dept 2002]; Konrad v 136 E. 64th St. Corp., 209 AD2d 228, 228 [1st Dept 1994]). Defendants make only speculative assertions that tax returns would be relevant to plaintiff's credibility (see Douglas Elliman, LLC v TWP Real Estate, LLC, 189 AD3d 614, 614-615 [1st Dept 2020]), and laid an insufficient factual predicate as to whether plaintiff falsified government benefits applications or was ever convicted of a crime (see GS Plasticos Limitada v Bureau Veritas Consumer Prods. Servs., Inc., 112 AD3d 539, 540 [1st Dept 2013]). Similarly, defendants prematurely sought disclosure concerning plaintiff's attorneys' fees, which do not become an issue until a plaintiff prevails (Hussain v General Motors Corp., 276 AD2d 452, 453 [1st Dept 2000]; see Executive Law § 297[10]).
Additionally, Supreme Court providently declined to order plaintiff to restate the race and national origin with which she identifies, as she already testified concerning this issue at deposition (see Campagna v Post Integrations, Inc., 168 AD3d at 647). Further, defendants' requests concerning plaintiff's current employer are not properly before the Court, as Supreme Court held the issue in abeyance and defendants failed to appeal from the later order deciding it (see Mohammed v Command Sec. Corp., 83 AD3d 605, 605 [1st Dept 2011]).
We find that plaintiff's mental condition is, in fact, in controversy. Plaintiff requests compensatory damages only for her alleged emotional distress, and she has testified that she experienced depression, anxiety, and dizziness, as well as headaches brought on by severe mental anguish (CPLR 3121[a]; see Clark v Allen & Overy, LLP, 125 AD3d 497, 497 [1st Dept 2015], lv dismissed [*2]25 NY3d 1015 [2015], cert denied 577 US 1015 [2015]). As a result, a mental examination by a psychiatrist is warranted to enable defendants to rebut plaintiff's causes of action for emotional distress (id. at 498).
Finally, we grant defendants' motion to vacate the note of issue. Contrary to the certificate of readiness, discovery had not been completed, as plaintiff had not yet complied with the court's directive to submit a Jackson affidavit detailing the process she had undertaken to search her social media post (see 22 NYCRR 202.21[e]; Gomes v Valentine Realty LLC, 32 AD3d 699, 700 [1st Dept 2006]; Jackson v City of New York, 185 AD2d 768, 769-770 [1st Dept 1992]). In addition, as noted above, we are granting the request for an IME of plaintiff which shall be conducted within 45 days of this decision. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 21, 2022