■ EDWIN KINKAIDE et al., Respondents, v. HAROLD F. LIEBOWITZ, Appellant, et al., Defendant.— In an action to recover damages for injury to property, to wit: a beach house at Fire Island Pines which was destroyed by fire while occupied by the defendants pursuant to a lease, in which defendant Liebowitz interposed the defense of *res judicata,* said defendant appeals from (1) an

order of the Supreme Court, Suffolk County, entered January 30, 1963, which denied his motion for summary judgment, and (2) from so much of an order of said court, entered March 13, 1963 upon renewal of said motion, as again denied the same. Appeal from order of January 30, 1963 dismissed, without costs. Said order was superseded by the order of March 13, 1963. Order of March 13, 1963, insofar as appealed from, reversed, with $10 costs and disbursements; the defendant Liebowitz' motion for summary judgment is granted; and action severed and complaint dismissed as against said defendant. Prior to the institution of this action, defendant Liebowitz brought an action against plaintiff Edwin Kinkaide in Justices' Court, Town of Brookhaven, for the return of rent prepaid pursuant to the lease as of the date of the fire. In that action Mr. Kinkaide counterclaimed for the balance due under the lease. That action was tried on the theory that Mr. Liebowitz was not entitled to the return of the prepaid rent and was liable for the unpaid balance thereof if the fire was caused by his negligence (cf. Real Property Law, § 227). The trial resulted in a judgment which was in favor of Mr. Liebowitz for $506.50 and which dismissed Mr. Kinkaide's counterclaim. In the present action, two causes of action are alleged in the complaint: The first is that the defendants breached a covenant in the lease that they would take due and proper care of the leased premises; the second is that the fire was caused by their negligence. Defendant Hancock has not appeared in the action. Defendant Liebowitz interposed the defense of *res judicata* based upon the prior judgment of the Justices' Court. By virtue of the provisions of section 227 of the Real Property Law, defendant Liebowitz was released from his obligation to pay rent pursuant to the lease only if the destruction of the premises occurred without his fault. That statute is applicable despite the provision of the lease that " if the premises be so damaged [by fire] that the Landlord shall decide to rebuild, the term shall cease and the accrued rent be paid up to the time of the fire." A contract will not be construed to exempt a party from liability for his negligent acts or to indemnify a party against his own negligence unless such intention is expressed in unequivocal terms (*Galante* v. *Hathaway Bakeries,* 6 A D 2d 142). Accordingly, the counterclaim in the Justices' Court action necessarily embraced the issue of Mr. Liebowitz' negligence as do both causes of action alleged in the present action. The " two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first " (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304. 307). Therefore, the judgment in the prior action is a bar to the present action and defendant Liebowitz' motion for summary judgment should have been granted. Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.