■ SAMUEL COHEN, Appellant, v 120 OWNERS CORP., Respondent. [613 NYS2d 615] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 25, 1993, which granted defendant's motion for summary judgment dismissing plaintiff's first and third causes of action, unanimously affirmed, without costs.

Defendant cooperative housing corporation's reallocation of shares appurtenant to professional units in the building other than plaintiff tenant-shareholder's was a proper exercise of its business judgment *(see, Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530) in light of the enhanced market value attributable to plaintiff's access to certain building amenities not shared by the others. Plaintiff's argument that marketability was an improper standard for such determination is meritless, fair market value being the very criterion established by article VI (§ 3) of defendant's by-laws.

The contract rider imposing a maintenance surcharge on plaintiff in the event he brought in an associate, which provision was not included in the contract or proprietary lease for another dentist occupying an office in the building, did not violate the requirement of Business Corporation Law § 501 (c) that "each share shall be equal to every other share of the same class." The other dentist's agreement with the board may well have been reached under different market conditions, and was in the form of a consent to sublet that required credit and other references from the proposed subtenants. Plaintiff has neither alleged, nor demonstrated in opposition to defendant's motion for summary judgment, that defendant treated him unequally either in bad faith or in breach of its fiduciary obligation to him as a shareholder *(cf., Straus v 345 E. 73 Owners Corp.,* 181 AD2d 483). Concur—Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.