■ BOARD OF MANAGERS OF DICKERSON POND CONDOMINIUM I et al., Respondents, v CHANDRU JAGWANI, Appellant. [713 NYS2d 761] —In an action to recover an attorney's fee, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered October 1, 1999, as granted the plaintiffs' motion for summary judgment for an attorney's fee in the sum of $28,500.

Ordered that the order is modified by (1) deleting the provisions thereof (a) granting that branch of the motion which was for summary judgment on the plaintiffs' cause of action to recover an attorney's fee incurred in the defense of the counterclaims asserted by the defendant in the prior foreclosure action between the parties, and (b) directing the defendant to pay an attorney's fee in the sum of $28,500, and (2), upon searching the record, adding a provision thereto granting partial summary judgment to the defendant dismissing the plaintiffs' cause of action to recover an attorney's fee incurred in the defense of the counterclaims asserted by the defendant in the prior foreclosure action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the amount of the attorney's fee to be awarded for the prosecution of the prior foreclosure action.

In 1995 the plaintiffs commenced an action to foreclose liens upon the defendant's condominium unit for unpaid common charges and association dues. As part of that action the plaintiffs also sought an award of an attorney's fee. By order entered May 30, 1997, the Supreme Court, Westchester County, granted summary judgment to the plaintiffs, severed the defendant's counterclaims, and denied the plaintiffs' request for an attorney's fee "without prejudice to whatever

rights they may have to commence a plenary action". Thereafter the plaintiffs commenced the instant action to recover an attorney's fee and were awarded summary judgment.

Contrary to the defendant's contention, the plaintiffs plenary action for an attorney's fee was not barred by the rule against splitting a cause of action (see, *815 Park Ave. Owners v Metzger,* 250 AD2d 471; *Mercy Community Hosp. v Cannon Design,* 235 AD2d 405; cf., *930 Fifth Corp. v King,* 42 NY2d 886). However, a review of the condominium by-laws and declarations reveals that the plaintiffs were entitled only to recover the reasonable attorney's fee for time which was expended in the prosecution of the foreclosure action. The plaintiffs were not entitled to an attorney's fee which is attributable to their defense of the counterclaims which the defendant asserted in the foreclosure action and which were later severed therefrom (see, *Granada Condominium I v Morris,* 225 AD2d 520).

Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the amount of an attorney's fee to which the plaintiffs are entitled for the prosecution of the prior foreclosure action.

The defendant's remaining contentions are without merit. Santucci, J. P., Thompson, Sullivan and Goldstein, JJ., concur.