■ HERMINE MARIAUX et al., Appellants, v TURTLE BAY TOWERS CORP. et al., Respondents. [753 NYS2d 505] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered April 15, 2002, which, to the extent appealed from as limited by the brief, denied plaintiffs' motion for summary judgment on their first and fourth causes of action, and granted defendants' cross motion for partial summary judgment dismissing the first cause of action, unanimously modified, on the law, to declare in defendants' favor that the disputed assessments were properly imposed to the extent challenged, and otherwise affirmed, without costs.

Plaintiffs were assessed in their capacity as shareholders in defendant residential cooperative corporation for extensive repairs made by the cooperative to the terraces and greenhouses appurtenant to their apartments. Although plaintiffs contend the assessments violate the cooperative corporation's proprietary lease, that lease, most notably in its eighteenth paragraph, expressly places responsibility for terrace and greenhouse repairs upon the lessees of the apartments appurtenant to the facilities in need of repair, a class to which plaintiffs belong. Nor is there merit to plaintiffs' contention that the failure of the cooperative to afford them advance notice of the cooperative's repair program respecting their terraces and greenhouses deprives the challenged assessment of validity. Given the nature and scope of the defects in need of repair, extending over numerous units and affecting numerous other units, and the consequent circumstance that shareholders could not have been productively expected to arrange for such repairs on an individual basis, the notice provisions relied upon by plaintiffs were plainly inapplicable.

Plaintiffs were properly denied summary judgment upon their cause of action to obtain the release of funds held in

escrow under agreements between certain plaintiffs and the purchasers of their units pursuant to which funds to cover the disputed assessments were escrowed by plaintiff sellers. The unit purchasers, necessary parties to any adjudication respecting the escrow agreements (see CPLR 1001 [a]), have not been joined in this action and, in any event, plaintiffs failed to establish any legal basis for modifications that they seek in the escrow agreements.

Plaintiffs' claim that the disputed assessments violate Business Corporation Law § 501 (c) is without merit (see *Cohen v 120 Owners Corp.*, 205 AD2d 394; *McCabe v Hoffman*, 138 AD2d 287).

We modify only to declare in defendants' favor (see *Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.