■ BOARD OF MANAGERS OF BEDFORD MEWS CONDOMINIUM, Respondent, v JIHAN NASR, Appellant. [829 NYS2d 697]—

In an action to recover unpaid common charges and related fees, the defendant appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), dated May 31, 2005, which, upon a decision of the same court entered May 12, 2005, made after a nonjury trial, awarded the plaintiff common charges and attorneys' fees, together with interest and costs, in the sum of $24,464.41.

Ordered that the judgment is modified by deleting the provisions thereof awarding to the plaintiff interest in the sum of $678.16 with respect to the first cause of action, and attorneys' fees in the sum of $16,034.80 and interest in the sum of $4,783.45 with respect to the second cause of action; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, to compute the amount of interest due to the plaintiff with respect to the first cause of action, and for a hearing to determine the amount of the attorneys' fees to be awarded, and thereafter for a computation of interest with respect to the second cause of action.

In a prior action between these parties in the Justice Court of the Town of Bedford, the court determined that "late fees, legal fees, collection expenses, and interest at the maximum rate can only be charged with respect to common charges and monthly assessments within the scope of the By-Laws." The plaintiff took no appeal from this determination and, therefore, is bound by it under the doctrine of res judicata (see *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *Hallock v Dominy*, 69 NY 238, 241 [1877]; *Kinkaide v Liebowitz*, 20 AD2d 812 [1964]; *Anyon v Palmieri*, 279 App Div 656 [1951]). The Supreme Court erred, therefore, in concluding that the plaintiff may recover the attorneys' fees it incurred in pursuing collection of the late fees it imposed on the defendant, or interest on either the late fees or the attorneys' fees. The plaintiff is entitled under the by-laws of Bedford Mews Condominium, however, to recover from the defendant the reasonable attorneys' fees it incurred in collecting, pursuant to its first cause of action, the defendant's unpaid common charges and monthly assessment in

the sum of $540. Since it is impossible to distinguish on this record between the portion of the attorneys' fees attributable to collection of the unpaid common charges and monthly assessment and those incurred with respect to the collection of other sums, we remit the matter to the Supreme Court, Westchester County, to compute the amount of interest to which the plaintiff is entitled with respect to the first cause of action, and for a hearing to determine the amount of the attorneys' fees to which the plaintiff is entitled, and thereafter for a computation of interest with respect to the second cause of action (*see Board of Mgrs. of Dickerson Pond Condominium I v Jagwani*, 276 AD2d 517, 518 [2000]).

The defendant's remaining contentions are without merit. Mastro, J.P., Spolzino, Santucci and Fisher, JJ., concur.