■ GLENRIDGE MEWS CONDOMINIUM, Appellant, v RAJUL KAVI, Respondent, et al., Defendants. [933 NYS2d 730]—

The plaintiff, a condominium association, commenced this action against, among others, the defendant Rajul Kavi to foreclose a lien upon his condominium unit for nonpayment of common charges. Kavi defaulted in the action and a final judgment of foreclosure and sale was entered. After the condominium unit was sold and the unpaid common charges were awarded to the plaintiff, a surplus in the sum of $79,583.81 was transferred to the New York City Department of Finance. In an order entered June 3, 2011, the Supreme Court, upon renewal, inter alia, granted that branch of the plaintiff's motion which was to direct the Commissioner of Finance of the City of New York (hereinafter the Commissioner of Finance) to distribute the sum of $35,375.68 from the surplus funds to the plaintiff to compensate it for the attorney's fees it incurred in the prosecution of this action, to the extent of directing the Commissioner of Finance to distribute the sum of $2,000 to the plaintiff. On appeal, the

plaintiff argues that the Supreme Court erred in directing that the sum of only $2,000 be distributed to it, since, according to the plaintiff's bylaws, it is entitled to recover the full amount of attorney's fees incurred in the prosecution of this action.

Once a condominium is created, "the administration of the condominium's affairs is governed principally by its bylaws, which are, in essence, an agreement among all of the individual unit owners as to the manner in which the condominium will operate, and which set forth the respective rights and obligations of unit owners, both with respect to their own units and the condominium's common elements" (*Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 6 [1987]).

The plaintiff's bylaws state that, "[i]n the event of default by any Unit Owner in paying to the Board of Managers the Common Charges or any assessment as determined by the Board of Managers, such Unit Owner shall be obligated to pay interest at the highest legal rate on such Common Charges or assessments from the due date thereof, together with all expenses, including attorney's fees, incurred by the Board of Managers in any proceeding brought to collect such unpaid Common Charges or assessments." Here, Kavi defaulted in paying common charges to the plaintiff, and the plaintiff sought, in this action, inter alia, to collect the unpaid common charges. Thus, pursuant to the bylaws, the plaintiff was entitled to recover the attorney's fees it incurred in the prosecution of this action (*see Board of Mgrs. of Bedford Mews Condominium v Nasr*, 37 AD3d 506, 507-508 [2007]; *see also Board of Mgrs. of Amherst Condominium v CC Ming [USA] Ltd. Partnership*, 308 AD2d 380 [2003]). The plaintiff submitted detailed invoices from its attorneys demonstrating the services performed and fees incurred in the prosecution of this action, in the total sum of $35,375.68.

Accordingly, upon renewal, the Supreme Court should have granted, in its entirety, that branch of the plaintiff's motion which was to direct the Commissioner of Finance to distribute the sum of $35,375.68 to the plaintiff as an attorney's fee from the surplus funds. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.