**Spiegel Legal LLC v Asman**

2024 NY Slip Op 30290(U)

January 23, 2024

Supreme Court, New York County

Docket Number: Index No. 650992/2023

Judge: Gerald Lebovits

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. GERALD LEBOVITS**        PART          07

*Justice*

----------------------------------------------------------------------X

SPIEGEL LEGAL LLC,

                     Plaintiff,

                - v -

STEVEN ASMAN, RUTH ASMAN, JILL ASMAN WAGNER, and JETLINE HOLDINGS, LLC

                    Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650992/2023 |
| MOTION DATE | 10/24/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion for         SUMMARY JUDGMENT        .

*Spiegel Legal, LLC*, Florida, NY (Steven J. Spiegel of counsel), plaintiff pro se.
*The Russell Friedman Law Group, LLP*, Garden City, NY (Pablo A. Fernandez and Spencer D. Shapiro of counsel), for interpleader defendants Steven Asman, Ruth Asman, and Jill Asman Wagner, and for purported third-party defendants, The Gustbuster, Ltd., Innoventions Enterprises, LTD., Raintamer, Ltd., and Uncle Sam's Umbrella Shop of New York, Ltd.
No appearance for interpleader defendant Jetline Holdings, LLC.[1]

Gerald Lebovits, J.:

       This interpleader action concerns whether an escrow agent may (or must) release shares held in escrow under a promissory note and pledge agreement. Interpleader plaintiff, Spiegel Legal LLC, moves for an order directing it to release the escrowed shares to the holder of the promissory note, and for other related relief. The motion is denied.

## BACKGROUND

       In November 2017, several companies (The Gustbuster, Ltd., Innoventions Enterprises, Ltd., Raintamer, Ltd., and Uncle Sam's Umbrella Shop of New York, Ltd.) executed a promissory note in favor of Jetline Holdings, LLC. (NYSCEF No. 2 at 10.) Under the note, Jetline would loan up to $3 million to the companies, to be paid back in installments; Jetline would receive 5% of the total common stock shares in the companies; and the companies would

---

[1] Plaintiff Spiegel Legal repeatedly refers to itself in filings on this motion as counsel for Jetline Holdings, LLC. But Spiegel Legal has never entered an appearance for Jetline. It is unclear to the court what basis exists for Spiegel Legal to be considered counsel for Jetline in this action as it now stands.

[* 1]

cause their shareholders, which include interpleader defendants Steven Asman, Ruth Asman, and Jill Asman Wagner, to put all their common stock shares in the companies into escrow. (*Id.* at 12, 13, 17, ¶¶ 5, 6[a], 9.)

Jetline, the companies, Spiegel Legal, and one shareholder (Steven Asman) also signed a pledge agreement, dated October 2018. (NYSCEF No. 2 at 1, 7-8.) The pledge agreement incorporated the promissory note and designated Spiegel Legal to receive delivery of the shares from the shareholders and to hold them in escrow. (*Id.* at 2.)

The pledge agreement provides that upon a default under the promissory note, and "after the giving of notice and the expiration of any applicable cure period . . . and upon Jetline's written notice to Escrow Agent of Jetline's election to require the delivery of the Pledged Shares to Jetline," Spiegel Legal is "directed" to transfer the escrowed shares to Jetline. (*Id.* at 3, ¶ 5 [a] [ii].) The pledge agreement also provides that if Spiegel Legal receives a bona fide objection to a release of the escrowed shares, it "may . . . rely on any provision of this Agreement entitling [it] to release [the shares] from Escrow notwithstanding such objection, or, otherwise (absent such provision) shall continue to hold the Escrow." (*Id.* at 3, ¶ 5 [d].)

In December 2018, Gustbuster and Innoventions submitted the stock certificates of Steve Asman, Ruth Asman, Jill Asman Wagner, and Jetline in those companies to Spiegel Legal to hold in escrow. (*Id.* at 52-65.)

In October 2022, Spiegel Legal sent the companies and their shareholders a notice of default and intent to release the escrowed shares. (NYSCEF No. 3.) Spiegel Legal stated in the notice that Jetline notified Spiegel Legal of the companies' default under the promissory note. (*Id.*) Spiegel Legal further stated that unless the loan was paid or a bona fide objection was made, it would release the escrowed shares to Jetline. (*Id.*)

Gustbuster objected to the intended release of the escrowed shares. It argued that the pledge agreement was not signed "by several of the existing shareholders of Gustbuster and, as such, is unenforceable and violative of New York law." (NYSCEF No. 4.) Gustbuster also demanded that Spiegel Legal bring an interpleader action before releasing any shares. (*Id.*)

Spiegel Legal brought this interpleader action in February 2023.[2] (NYSCEF No. 1.) Spiegel Legal asserted causes of action for statutory impleader, declaratory relief and attorney fees and costs against the interpleader defendants: Steven Asman, Ruth Asman, Jill Asman Wagner, and Jetline. (*Id.*) The three Asman defendants answered in March 2023. (NYSCEF No. 8.)

---

[2] Spiegel Legal represents that it chose to bring this interpleader action "because of valid concerns that the release of shares from escrow by escrow agent without court intervention (A) would not provide sufficient finality as to the ownership of shares, . . . and (B) might expose Spiegel Legal to allegations of professional ethical violations regardless of the lack of merit of any such allegations." (NYSCEF No. 13 at 10.)

2

Spiegel Legal now moves for relief under CPLR 3212, 3213, or 3211. It also requests that this court grant orders directing it to release the escrowed shares to Jetline and declaring that Jetline owns those shares. The motion is denied.

## DISCUSSION

### I.      CPLR 3212 Motion and Related Orders

Siegel Legal seeks summary judgment on its complaint under CPLR 3212. Relatedly, it asks this court to issue two orders: One directing Spiegel Legal to release the escrowed shares to Jetline, the other declaring that Jetline owns those shares and has control over the companies and their assets. (NYSCEF Nos. 12, 16.)

In opposition, the Asman defendants and companies do not dispute that the companies defaulted on the promissory note. Nor do they dispute that the prerequisites to releasing the shares under the pledge agreement were satisfied. They contend, however, that any relief sought against the companies must be denied because Spiegel Legal did not properly commence an action against the companies and they were not served with a third-party summons. (NYSCEF No. 20 at 4.) Spiegel Legal contends that the relief it requests does not require that a summons be served on the companies. It contends that it could obtain relief through the Asman defendants alone and that the forms of relief requested do "not involve the necessity of third party defendants." (NYSCEF No. 22 at 7-8.) The court agrees with defendants.

Under CPLR 1006, the statute governing interpleader actions, an escrow agent may bring an interpleader action against possible claimants to property held in escrow. (*See Manufacturer's & Traders Trust Co. v. Reliance Ins. Co.*, 8 NY3d 583, 587 [2007] [interpleader action brought by escrow agent].) And under CPLR 1001 (a), "an individual or entity is a necessary party to litigation 'if complete relief is to be accorded between the persons who are parties to the action' or if the entity 'might be inequitably affected by a judgment in the action.'" (*Swezey v Merrill Lynch, Pierce*, *Fenner & Smith, Inc.*, 19 NY3d 543, 550 [2012], quoting CPLR 1001 [a].) In determining whether a party is necessary to the litigation, "it must be decided if the proposed party has such an interest in the litigation that the court cannot settle the controversy without necessarily considering the interests of the proposed party." (*Joanne S. v Carey*, 115 AD2d 4, 7 [1st Dept 1986].) The court concludes that the record on this motion reflects that the companies are necessary parties that have not been joined in the action.

The companies are parties to the promissory note and pledge agreement, and likely should have been joined on that basis alone. (*See Mariaux v Turtle Bay Towers Corp.*, 301 AD2d 460, 460-461 [1st Dept 2003] [denying summary judgment "to obtain the release of funds held in escrow under agreements" when parties to the agreement were not joined to the action].) Additionally, if the court were to decide that the escrowed shares should be delivered to Jetline, Jetline would become the majority shareholder in both companies.[3] A change of control in the

---

[3] Spiegel Legal's evidence does not show that the individual shareholders escrowed their shares in Uncle Sam's or Raintamer. It also does not show that individual shareholders DNS Capital Ventures, LLC or the Mennen Trust submitted their shares in any of the companies to Spiegel

[* 3]

companies would presumably have a significant effect on the companies and their assets. Although the precise extent of that effect is not clear on the current record, this court has little doubt that it is sufficient to require joining the companies as party defendants for interpleader purposes. (*Cf. L-3 Communications Corp. v SafeNet, Inc.*, 45 AD3d 1, 10 [1st Dept 2007] [finding that a company that was not joined was a necessary party when judgment would prevent the company from selling its products and "disgorg[ing] its profits from those sales"].)

Absent joinder of the companies, Spiegel Legal has not shown that this court should grant summary judgment or direct transfer of the shares—and their ownership—to Jetline. Spiegel Legal's CPLR 3212 motion is denied. Given this disposition of the motion, this court does not reach the Asman defendants' argument that the promissory note and pledge agreement are un enforceable.

## II.      CPLR 3211 and 3213

Spiegel Legal also moves under CPLR 3213 for summary judgment in lieu of complaint on behalf of Jetline and against the companies.

Spiegel Legal appears to be taking the position that there are two separate actions before the court: the interpleader action and a third-party action commenced under CPLR 3213. (NYSCEF No. 22 at 7, 23 at 11.) It contends that it properly served the companies by email with a summons and the prior pleadings, after having brought a third-party action under CPLR 3213. Alternatively, Spiegel Legal moves on behalf of Jetline for leave to move to dismiss the Asman defendants' affirmative defenses to the interpleader action under CPLR 3211 and for an order granting that motion.

There are several difficulties with Spiegel Legal's position. Jetline has not answered the interpleader complaint—a precondition to bringing a third-party action. (*See* CPLR 1007.) Nor has Jetline filed a third-party summons and complaint, or third-party motion for summary judgment in lieu of complaint, with the Clerk of the Court, as required by CPLR 304, CPLR 305 (a), CPLR 2102, and CPLR 3213.[4] More fundamentally, the docket reflects that Jetline has not

---

Legal. Therefore, the only shares that appear eligible for release (assuming the note and pledge agreement are enforceable) would be the Asman defendants' shares in Gustbuster and Innoventions. There are 200 outstanding shares both in Gustbuster and in Innoventions. Steven Asman, Ruth Asman, and Jill Wagner Asman collectively own 144.4 shares. Jetline currently owns 10 shares. (NYSCEF No. 2 at 54-65.)

[4] On reply, Spiegel Legal submits a copy of a third-party summons for summary judgment in lieu of complaint. (*See* NYSCEF No. 25.) Aside from the absence of any indication that Spiegel Legal filed this summons with the Clerk of the Court and paid the required index-number fee (*see* CPLR 305; CPLR 1007), Spiegel appears to have served this summons only through NYSCEF and email. (*See* NYSCEF Nos. 25, 26; NYSCEF No. 23 at ¶¶ 7-8.) But service of a summons to commence an action (including a third-party action) must be made through the means set forth in CPLR article 3—not through the means set forth in CPLR article 21 used to serve a paper filed in an ongoing action against a party that has appeared. (*See Rosenblum v 170 W. Vill. Assocs.*, 175 AD2d 702, 703 [1st Dept 1991] [reversing motion court and dismissing

4

[* 4]

appeared in the action at all. A defendant that has not appeared may not bring motions or engage in third-party practice.

Spiegel Legal's requests for relief under CPLR 3211 and 3213 on behalf of Jetline are denied.

Given this court's conclusion that Spiegel Legal's motion should be denied for lack of necessary parties—without reaching the ultimate question of Spiegel's entitlement to the relief it seeks—Spiegel's request on this motion for an award of attorney fees is denied without prejudice.

Accordingly, it is

ORDERED that the branch of Spiegel Legal's motion seeking summary judgment under CPLR 3212 is denied; and it is further

ORDERED that Spiegel Legal's request for an order directing Spiegel Legal to release the escrowed shares in the companies to Jetline is denied; and it is further

ORDERED that Spiegel Legal's request for an order declaring Jetline the lawful owner of the escrowed shares with full rights and authority over them; and declaring that Jetline has ownership of, and corporate control over, the companies is denied; and it is further

ORDERED that Spiegel Legal's request for an order to prevent the Asman defendants from interfering in the business relationships of, and using assets belonging to, the companies is denied; and it is further

ORDERED that Spiegel Legal must within 30 days of entry of this order summon the companies to this interpleader action, and must serve the supplemental summons on the companies by the means set forth in CPLR article 3; and it is further

ORDERED that the branch of Spiegel Legal's motion asking this court to permit Jetline to move under CPLR 3211 to dismiss the Asman defendants' affirmative defenses is denied; and it is further

ORDERED that the branch of Spiegel Legal's motion asking this court to grant Jetline summary judgment in lieu of complaint under CPLR 3213 is denied; and it is further

ORDERED that the branch of Spiegel Legal's motion for an award of attorney fees and costs is denied without prejudice; and it is further

ORDERED that Spiegel Legal serve a copy of this order with notice of its entry on all parties appearing in this action by e-filing on NYSCEF; on Jetline by certified mail, return

---

third-party claim for lack of personal jurisdiction for failure to serve a third-party summons in "strict compliance with the statutorily mandated procedures"].)

receipt requested, directed to Jetline's last-known address; and on the companies by certified mail, return receipt requested, directed to their respective last-known addresses.

_HON. GERALD LEBOVITS_
J.S.C.

**1/23/2024**
**DATE**

| | | | | |
|---|---|---|---|---|
| **CHECK ONE:** | [ ] CASE DISPOSED | | [X] NON-FINAL DISPOSITION | |
| | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| **APPLICATION:** | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

6