## Board of Mgrs. of St. Nicholas Ct. Condominium v Jackson

2024 NY Slip Op 31364(U)

April 18, 2024

Supreme Court, New York County

Docket Number: Index No. 157091/2020

Judge: W. Franc Perry, III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. W. FRANC PERRY III**                         PART

                                                    *Justice*

----------------------------------------------------------------------X

BOARD OF MANAGERS OF ST. NICHOLAS COURT
CONDOMINIUM,

                              Plaintiff,

                  - v -

VINCENT R. JACKSON, JOHN DOE

                              Defendant.

----------------------------------------------------------------------X

| INDEX NO. | 157091/2020 |
|---|---|
| MOTION DATE | 04/05/2021 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 35, 68, 69, 72, 78, 80, 81, 83, 84

were read on this motion to/for              SUMMARY JUDGMENT(AFTER JOINDER            .

The Plaintiff is the condominium board of managers ("the Board") of the property known as St. Nicholas Court which is located at 66-72 Nicholas Avenue, New York, N.Y. Defendant, Vincent R. Jackson, is the owner of unit 1A ("subject apartment") located in the building.

The Board commenced this action on September 3, 2020 to foreclose on a lien for unpaid common charge payments, assessments and other charges assessed against the subject apartment. Defendant filed an answer that included allegations and various reasons he should be exempt from paying previously due mandatory common charges.

An owner of a unit of a condominium is obligated to pay common charges and such obligation is absolute even in the case of abandonment by the owner of the unit. *See* RPL § 339(x) and *90 E. End Ave. Condominium v. Becker*, 2010 N.Y. Misc. LEXIS 3036 (Sup. Ct. NY Cty. 2010). The owner of a condominium unit has "a binding relationship with other owners of condominium units in the building by both contract and statute". *Board of Mgrs. of Lido Beach*

[* 1]

*Towers Condominium v Gartenlaub*, 910 N.Y.S.2d 403 (Sup. Ct. Nas. Cty. 2010). One of the elements of the contractual relationship is the obligation to pay common charges. *See Mittman v Board of Mgrs. of Bayside Plaza Condominium*, 43 Misc. 3d 1208(A) (Sup. Ct. Queens Cty. 2014) *(quoting Bd. of Managers of Lido Beach Towers Condominium v. Grartenlaub,* 910 N.Y.S.2d 403).

Common charges are proportionally divided between each unit owner. Such common charges include "[e]xpenses of operation of the property, and all sums designated as common expenses by statute, declaration or by-laws." *See* RPL § 339-e(2), e(4). "[T]he administration of a condominium's affairs is governed principally by its by-laws, which are, in essence, an agreement among all of the individual unit owners as to the manner in which the condominium will operate and which sets forth the respective right and obligation of unit owners both with respect to their own units and the condominium's common elements." *Glenridge Mews Condominium v Kavi*, 90 AD3d 604, 605 (App. Div. 2nd Dept. 2011) (quoting *Schoninger v. Yardarm Beach Homeowners' Asso*, 134 A.D.2d 1, 10-11 (App. Div. 2nd Dept. 1987)). The buildings by-laws governing the subject apartment require that all common charges shall be borne by the owners of the building's units and details the interest that will be charged for late payments. *See* NYSCEF Doc. NO. 19.

When deciding a motion for summary judgment this Court "must view the evidence in the light most favorable to the nonmoving party." *See Stukas v. Streiter*, 83 A.D.3d 18 (App. Div. 2nd Dept. 2011) (citing *Pearson v. Dix McBride*, 63 A.D.3d 895 (App. Div. 2nd Dept. 2009)). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" *Kolivas v Kirchoff*, 14 AD3d 493 (App. Div. 2nd Dept. 2005).

**157091/2020  BOARD OF MANAGERS OF ST. vs. JACKSON, VINCENT R.**
**Motion No.  001**

**Page 2 of 8**

INDEX NO. 157091/2020

RECEIVED NYSCEF: 04/18/2024

A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (See CPLR §3212[b]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (N.Y. Court of Appeals 1986). To make a prima facie showing, the moving party must "demonstrate its entitlement to summary judgment by submission of proof in admissible form" *See Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d 498, 507 (N.Y. Court of Appeals 2015); *see also Zuckerman v City of New York*, 49 NY2d 557, 562 (N.Y. Court of Appeals 1980). Admissible evidence may include "affidavits by persons having knowledge of the facts [and] reciting the material facts". *See Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d at 508 (citing *GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967 (N.Y. Court of Appeals 1985)); *see* CPLR § 3212[b]. Once a prima facie showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. *See Alvarez v Prospect Hosp.*, 68 NY2d at 324.

The evidence in the case at bar shows that the defendant is the sole owner of Unit 1A, which is a condominium within a building located at 66-72 St. Nicholas Avenue New York, N.Y. 10026. *See* NYSCEF Doc. No. 20. The evidence also shows that the defendant has not paid all of the required condominium common charges for many years, and the plaintiff has provided an accounting of such charges, assessments and fees going back to 2007.[1] *See* NYSCEF Doc.

---

[1] Any argument by the defendant that this entire action should be time barred and dismissed outright, is misplaced. Such arguments pertain to the amount determined to be due not to liability on the failure to pay required common charges and do not entitle the defendant to outright dismissal of this action which includes the pursuit of recent past due common charges. In addition, any receipts submitted by the defendant showing partial payments addresses the total amount now due and is not a defense to liability or a basis for dismissal of the action.

**157091/2020  BOARD OF MANAGERS OF ST. vs. JACKSON, VINCENT R.**
**Motion No.  001**

**Page 3 of 8**

No. 22. The defendant acknowledges that he is the owner of the subject apartment and obtained possession via deed dated August 5, 2014 from his mother's estate. *See* NYSCEF Doc. No. 48. Prior to such time the subject apartment was owned by his mother's estate as his mother passed away in February 2007.

In his answer and his opposition to the plaintiff's summary judgment motion, the defendant asserts numerous allegations but does not provide any evidentiary proof to dispute that there are unpaid common charges relating to the subject apartment or that he is obligated to pay such common charges pursuant to the condominium's by-laws. A unit owner is not able to exempt oneself from being required to pay common charges. *See* RPL § 339-x; *see also Frisch v. Bellmarc Management, Inc.*, 190 A.D.2d 383 (1st Dept 1993) (holding that a unit owner "cannot withhold payment of common charges and assessments in derogation of the by-laws of the condominium based on defective conditions in his unit or in the common areas [internal citations omitted], or based on his disagreement with actions lawfully taken by the Board of Managers.")

The unpaid charges relating to the subject apartment began accumulating in March 2007 when the unit was owned by the estate of the defendant's mother and have continued to accumulate after the transfer of the property to the defendant in August 2014. *See* NYSCEF Doc. No. 22. The Board also provides the affidavit of Kristopher Popovic, who is the property manager for The Board, that provides that defendant has defaulted on the obligation to pay common charges and special assessments pursuant to the By-Laws. *See* NYSCEF Doc. No 15.

The By-Laws governing this dispute state at Article 5, section 1(c) that "all costs and expenses in connection with the repair, maintenance, replacement, restoration and operation of and any alteration, addition or improvement to Common Elements ('Common Expenses') may be determined by the Board and shall be borne by the Unit Owners". *See* NYSCEF Doc. No. 19

**157091/2020   BOARD OF MANAGERS OF ST. vs. JACKSON, VINCENT R.**                    **Page 4 of 8**
   **Motion No.  001**

[* 4]                                                4 of 8

at 22. The By-Laws also provide that the common charges shall be paid at least monthly and provides for the assessment and collection of interest for unpaid common charges. *See Id.* at 26, Article 5, section 4 -7

The plaintiff has also demonstrated the validity of the lien it filed against the defendant on February 3, 2020 (NYSCEF Doc. 21.) S*ee* RPL § 339-aa.

Since the plaintiff has presented documentary evidence of its entitlement to summary judgment as a matter of law, it now becomes incumbent upon defendant to come forward and lay bare his proof and demonstrate, by admissible evidence, and evidentiary facts showing the existence of a triable issue. *See Marine Midland Bank, N. A. v. Freedom Rd. Realty Assocs.*, 203 A.D.2d 538, 539 (App. Div. 2nd Dept. 1994) (stating that "conclusory and unsubstantiated assertions" that are unsupported by "competent evidence" are "insufficient to defeat" a summary judgment motion); *see also Grogg v South Road Assoc.,L.P.*, 74 A.D.3d 1021 (2nd Dept. 2010) (finding that the defendant "established its prima facie entitlement to judgment as a matter of law" through the production of requisite documents and it was then "incumbent upon the plaintiffs to assert any defenses which could properly raise a triable issue of fact as to their default on the mortgage" and the simple denial of receipt of notice of default was insufficient to rebut this presumption of delivery based on the provided documentary evidence).

Defendant has failed to present to this Court any evidence in admissible form that shows the existence of a triable issue of fact which would warrant a trial in this case or which raises material issues of fact as to the unpaid common charges. *See Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320 at 324. On the record before this Court, it is clear that defendant has failed to pay required common charges and assessments due on the subject apartment.

In view of the foregoing, the Court finds that plaintiff has established a prima facie case for summary judgment based upon the submissions which prove the failure of defendant to pay the common charges due and owing in accordance with the By-Laws. S*ee* RPL § 339-u. The Court finds that in its opposition, the defendant has failed to raise a factual issue vis-a-vis a viable defense to plaintiff's claim of unpaid common charges. In the absence of a valid defense, the Board is entitled to judgment on liability as a matter of law. *See Bd. of Mgrs. Of Garden Terrace Condominium v. Chiang*, 247 A.D.2d 237 (1st Dept 1998).

Accordingly, plaintiff is awarded summary judgment foreclosing on its lien, removing "John Doe" defendants from the caption in this matter, as it has been established that the defendant is the sole owner of the subject apartment, and for the appointment of a referee to compute the appropriate and lawful amount that is due on the lien.

Thus it is hereby:

ORDERED that the plaintiff's motion for summary judgment is granted; it is further

ORDERED that the caption in this matter shall be amended to remove the JOHN DOE defendant; and it is further

ORDERED that this matter is referred to a Judicial Hearing Officer or Special Referee to determine the amount due to the plaintiff on its lien; and it is further

ORDERED that this matter is hereby referred to the Special Referee Clerk (Room 119, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court at www.nycourts.gov/supctmanh at the "References" link), shall

**157091/2020   BOARD OF MANAGERS OF ST. vs. JACKSON, VINCENT R.**          **Page 6 of 8**
**Motion No.  001**

6 of 8

[* 6]

assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

ORDERED that counsel shall immediately consult one another and counsel for plaintiff shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by fax (212-401-9186) or e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

ORDERED that the plaintiff shall serve a proposed accounting within 24 days from the date of this order and the defendant shall serve objections to the proposed accounting within 20 days from service of plaintiff's papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further

ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further

**157091/2020   BOARD OF MANAGERS OF ST. vs. JACKSON, VINCENT R.**
**Motion No.  001**

**Page 7 of 8**

7 of 8

ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts; and it is further

ORDERED that the plaintiff shall serve a copy of this Decision and Order upon the defendant within 10 days.

This constitutes the Decision and Order of the Court.

| 04/18/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **WILLIAM FRANC PERRY, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157091/2020   BOARD OF MANAGERS OF ST. vs. JACKSON, VINCENT R.**
**Motion No.  001**

**Page 8 of 8**

8 of 8