**Mangold v Board of Mgrs. of Meadow Court Condominium**

2024 NY Slip Op 31517(U)

April 29, 2024

Supreme Court, New York County

Docket Number: Supreme Court, New York County

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:　　HON. PAUL A. GOETZ　　　　　　　　PART　　　　　　　　47

*Justice*

--------------------------------------------------------------------------X

J. MARSHALL MANGOLD, NANCY MUCIACCIA MANGOLD

Plaintiffs,

- v -

BOARD OF MANAGERS OF MEADOW COURT CONDOMINIUM, SKYLINE WINDOWS, LLC,

Defendants.

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 451463/2021 |
| MOTION DATE | 11/29/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127

were read on this motion to/for　　　　　　SUMMARY JUDGMENT (AFTER JOINDER)　　　.

In this action involving the Meadow Court Condominium's (the condominium) window replacement policy (the policy), plaintiffs unit owners move for summary judgment pursuant to CPLR § 3212 as against defendants Board of Managers of Meadow Court Condominium (the Board) and Skyline Windows LLC (Skyline), seeking declaratory, injunctive, and monetary relief. Defendants oppose the motion and cross-move for summary judgment on the grounds that the action is moot.

## BACKGROUND

Meadow Court Condominium is located at 12 Meadow Avenue, Bronxville, New York 10708, and plaintiffs are the owners of unit 6A. The condominium's declaration defines "common elements" as "the entire [building] other than the units" and provides that "windows which open from a unit shall be deemed part of the unit" (NYSCEF Doc No 93, §§ 4-5). While the by-laws give the Board powers and duties relating to the condominium's common elements

451463/2021　MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW
Motion No. 002

Page 1 of 10

(NYSCEF Doc No 94, Art II § 2), unit owners are in control of their individual unit. Defendants emphasize that while "maintenance of and repairs to any unit . . . shall be made by the owner of such[,] . . . maintenance, repairs and replacements to the common elements . . . shall be made by the Board" (*id.*, Art V, § 10 [emphasis added]).

In January of 2019, the Board notified all unit owners that it would be implementing a new window replacement policy "in response to research regarding the need to replace inefficient windows that have outlived their intended life and usefulness" (NYSCEF Doc No 96). Skyline was hired as a contractor to perform the replacements in both individual units and common areas (NYSCEF Doc No 119, pp. 10-21). A unit owner could opt out of the program with Skyline, but they would still be obligated to install new Board-approved windows in their unit by December 31, 2021 (NYSCEF Doc No 96). The cost of all window replacements would be assessed and paid by unit owners as common charges. Plaintiffs challenged the policy in a meeting with the Board in June 2019, arguing that they should not be forced to replace their windows since they are a part of their individual unit, rather than a common element, nor should they be compelled to pay for the replacement of other unit windows as common charges. Additionally, plaintiffs opined that because their windows were in good condition, plaintiffs should not be subject to the policy. The Board maintained that plaintiffs must be included in this building-wide change. In March of 2020, the Board entered into a master contract with Skyline on behalf of the condominium and all participating unit owners.

Plaintiffs filed a complaint against the Board and Skyline that asserts that the policy contravenes the condominium's governing documents and that, by executing the master contract, the condominium inappropriately diverted resources to improving property that is not common (NYSCEF Doc No 1). Defendants moved to dismiss plaintiffs' action, but their motion was

**451463/2021   MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW**
**Motion No.  002**

**Page 2 of 10**

denied by a decision and order dated June 21, 2023 which found that "the condominium's declaration and by-laws do not <u>conclusively</u> show that the board was acting within its authority when it mandated the replacement of the windows in the units" (NYSCEF Doc No 77 [emphasis added]). Subsequently, by a vote of 74% of unit owners, the Board amended its by-laws[1] on October 25, 2023 to add the following provisions to Art II § 2 on "Powers and Duties":

> (q) [The Board may] require a unit owner to replace an original window, at the sole cost and expense of the unit owner . . .

> (r) With respect to any and every replacement of a window, . . . such replacement window must [] meet the standards and specifications then imposed and established by the Board . . .

> (s) [I]f the Board determines that the windows in the Building should be replaced because, in the Board's sole discretion, the majority of windows are beyond their useful life expectancy, and if no less than 50.01% in common interest of the unit owners so consent in writing, or in lieu thereof, at an Annual or Special Meeting of the unit owners called for such purpose, then the Board may enter into a contract, as nominee on behalf all unit owners, for replacement of all windows in the Building . . .

> (t) . . . The unit owner shall reimburse the Board for any costs and expenses associated with acting as the unit owner's nominee including but not limited to the cost and expenses to replace the original windows, and any default and/or failure by the unit owner to fully reimburse the Condominium shall be deemed a default in the payment of common charges and provide the Board with the rights set forth in Article V, Sections 4, 5, 6 and 7 of the By Laws.

(NYSCEF Doc No 112, the amendment).

Plaintiffs argue that the October 25, 2023 amendment must be voided on the grounds that it usurps control of their windows, which are exclusively owned by plaintiffs. Plaintiffs also move for summary judgment on five causes of action, seeking: (1) a declaration that the window

---

[1] The amendment is titled "Amendment to the *Declaration* of Meadow Court Condominium," but it actually amends the by-laws (NYSCEF Doc No 112 [emphasis added]). Both the declaration and by-laws may be amended by a vote of at least 66.67% of all unit owners at a meeting held for that purpose (NYSCEF Doc Nos 93, § 15; 94, Art XI § 1).

**451463/2021   MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW**          **Page 3 of 10**
**Motion No.  002**

replacement policy violates the terms of the condominium's governing documents and is therefore void; (2) a declaration that the agreement between the Board and Skyline violates the terms of the condominium's governing documents and is therefore void; (3) a permanent injunction precluding further work from being performed under the contract between the Board and Skyline; (4) a money judgment representing plaintiffs' contributions to the condominium which were diverted to those unit owners who opted for Skyline's services; and (5) legal fees and costs, and sanctions against defendants. Defendants oppose the motion and cross-move for summary judgment on the grounds that the amendment dated October 25, 2023 moots plaintiffs' complaint, as the unit owners have unambiguously voted to give the Board the power to compel the replacement of windows, and plaintiffs are bound to comply with the by-laws as amended. Defendants also argue that, while plaintiffs may control the maintenance and repairs of their own unit and its elements, defendants are authorized under the by-laws to make replacements as they see fit.

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554

**451463/2021  MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW**
**Motion No. 002**

**Page 4 of 10**

4 of 10

[1ˢᵗ Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Article 9-B of the Real Property Law (RPL), known as the Condominium Act (the Act), regulates the ownership of condominiums. A condominium governs itself by its own Declaration and Bylaws (RPL §§ 339-e[7], 339-u). Each owner in a condominium owns his or her separate unit and a share of the common elements—that is, the parts of the condominium owned by all of the owners (RPL §§ 339-h, 339-i[1]). Common expenses are the expenses of operating the entire property (RPL § 339-e[4][a]), and a condominium's finances may be arranged so that each owner pays common expenses according to his or her proportional ownership in the common elements (RPL § 339-m).

Here, the governing documents indicate that the windows opening from individual units are not common elements, but rather private property. The declaration defines "common elements" as "the entire [building] other than the units" and provides that "windows which open from a unit shall be deemed part of the unit" (NYSCEF Doc No 93, §§ 4-5). The amendment dated October 25, 2023 does not attempt to change the individual windows' categorization as such (NYSCEF Doc No 112). This comports with the RPL, as the individual windows cannot be considered a common interest; no other resident of the condominium can claim a "proportionate, undivided interest" in plaintiffs' individual windows, nor can plaintiffs make a claim for the same to any other resident's individual windows (RPL §§ 339-e[5]). Thus, as the declaration indicates that individual windows are not common elements, plaintiffs cannot be compelled to

**451463/2021   MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW**
**Motion No.  002**

**Page 5 of 10**

replace their individual windows, nor can they be compelled to pay for the replacement of other unit owners' windows in which they have no property interest.

*Board of Mgrs. of Wharfside Condominium v Nehrich*, 73 AD3d 822 [2nd Dept 2010] is instructive. There, the former owners of a condominium unit had altered their private terrace adjoining their apartment. Later, as part of a condominium-wide project, the Board sought to compel the current unit owners to "restore the terrace to its original condition" and allow the Board to "replace several windows." The Board also amended its by-laws to allow the Board to be responsible, on a one-time basis, for the replacement of all windows in the condominium and require unit owners to allow access as needed to accomplish this task. The court determined that the Board "did not establish that the terrace was a common element" and therefore "failed to establish that the [unit owners] were in violation of the governing documents by maintaining the terrace in an altered condition" (*id.* at 825). Similarly, here, the October 25, 2023 amendment to the by-laws does not change the fact that the windows in individual units are not common elements subject to the Board's control. Thus, plaintiffs are not in violation of the governing documents by maintaining the windows in their current condition in contravention of the Board's reinstalment plan.

Defendants do not appear to argue that the individual windows are common elements; rather, they assert that "[c]ourts addressing this issue have uniformly recognized that a board has authority to issue by-laws which regulate not only the common elements, but also the individual units" (NYSCEF Doc No 126). However, the cases defendants cite do not support this proposition (*Glenridge v. Kavi*, 90 AD3d 604 [2nd Dept 2011] [no indication that the common charges the unit owner failed to pay were directed towards individual unit alterations]; *Murphy v. State*, 14 AD3d 127, 128 [2nd Dept 2004] [involving state appropriation of condominium's

**451463/2021   MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW**
**Motion No.  002**

**Page 6 of 10**

6 of 10

common elements]). Defendants also cite *Mariaux v Turtle Bay Towers Corp.*, 301 AD2d 460, 460 [1st Dept 2003] in support of their position, but that action involved a co-operative, not a condominium. In a co-operative, because residents do not own their units, but rather hold shares in the corporation holding title to the property, the co-operative board has the authority to compel replacement of elements that are exclusively utilized by an individual unit owner. Here, the condominium is subject to the Condominium Act, which grants a board of managers the authority to charge common fees for changes to common elements, but not for charges associated with individual units (*compare* RPL § 339-m ["common expenses shall be charged to[] the unit owners according to their respective common interests"] *with* RPL § 339-h ["Each unit owner shall be entitled to the exclusive ownership and possession of his unit."]).

Defendants' argument that the Board has the authority to address and remedy issues affecting the entire building, including those elements that are not common elements, because the by-laws allow for it is unavailing. Defendants emphasize that, while the by-laws state that "[a]ll maintenance of and repairs to any unit . . . shall be made by the owner of such," "[a]ll maintenance, repairs and replacements to the common elements . . . shall be made by the Board" (NYSCEF Doc No 94, Art V § 10(a)-(b) [emphasis added]). However, in stressing what actions unit owners and the Board are permitted to take, defendants overlook the most critical part of this provision, which limits the Board's authority over "[a]ll maintenance, repairs and replacements to the common elements" (*id.* [emphasis added]). As explained *infra*, windows in the individual units are not common elements. Thus, defendants have not identified any provision in the by-laws that gives the Board the authority to replace individual windows.

Defendants' reliance on the October 25, 2023 amendment to the by-laws as the source of the Board's authority to require individual unit owners to replace the windows in their units also

**451463/2021   MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW**
**Motion No.  002**

**Page 7 of 10**

fails. While the RPL specifically allows condominium declarations to define common elements differently from the Act (RPL §§ 339-e[3]), the Board's declaration did not categorize the individual windows as such. Since windows in individual units are not common elements, the Board does not have the authority to require their replacement. The amendment to the by-laws purporting to give the Board this authority, therefore, is invalid and will be voided (*Strathmore Ridge Homeowners Assn., Inc. v Mendicino*, 63 AD3d 1038, 1039 [2nd Dept 2009] ["Here, the defendants demonstrated, prima facie, that the Association exceeded the scope of its authority in enacting the amendments to the bylaws which prohibited and/or restricted leasing without first amending its Declaration, and that the amendments are, therefore, null and void"]). Accordingly, defendants' cross-motion for summary judgment on the grounds that the amendment dated October 25, 2023 moots plaintiffs' motion will be denied.

Plaintiffs have thus established their entitlement to judgment as a matter of law on their first cause of action for a declaration that the window replacement policy adopted by the October 25, 2023 amendment violates the terms of the governing documents. Since the Board exceeded the scope of its authority by requiring individual unit owners to replace their windows, the provisions of the contract the Board entered into with Skyline relating to the replacement of windows in individual units are invalid. Accordingly, plaintiffs' are entitled to summary judgment on their second cause of action to void the agreement between the Board and Skyline to the extent that it provides for the replacement of windows in individual units; and on plaintiffs' third cause of action for a permanent injunction to the extent that no further work shall be performed on windows in individual units under the contract; and on plaintiffs' fourth cause of action for a money judgment representing reimbursement for their contributions to the replacement of windows in individual units, the amount of which will be determined at trial.

**451463/2021   MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW**
**Motion No.  002**

**Page 8 of 10**

8 of 10

However, plaintiffs failed to establish their entitlement to summary judgment on their fifth cause of action for costs and attorneys' fees and sanctions against defendants pursuant to 22 NYCRR 130-1.1 because they have not demonstrated any frivolous conduct on defendants' part.

## CONCLUSION

Based on the foregoing, it is

ORDERED that the part of plaintiffs' motion that seeks summary judgment on plaintiffs' first cause of action for a declaratory judgment is granted; and it is further

ADJUDGED and DECLARED that the window replacement policy adopted in the amendment to the by-laws dated October 25, 2023 violates the terms of the condominium's governing documents and is therefore void; and it is further

ORDERED that the part of plaintiffs' motion that seeks summary judgment on plaintiffs' second cause of action for a declaratory judgment is granted in part; and it is further

ADJUDGED and DECLARED that the agreement between the Board and Skyline violates the terms of the condominium's governing documents and is therefore void to the extent that the agreement provides for replacement of windows in individual condominium units; and it is further

ORDERED that the part of plaintiffs' motion that seeks summary judgment on plaintiffs' third cause of action for a permanent injunction is granted; and it is further

ADJUDGED and DECLARED that defendants are permanently enjoined from performing further work under the contract between the Board and Skyline relating to the replacement of windows in individual condominium units; and it is further

ORDERED that the part of plaintiffs' motion that seeks summary judgment on plaintiffs' fourth cause of action for a money judgment representing their contributions to the condominium

**451463/2021  MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW**
**Motion No.  002**

**Page 9 of 10**

9 of 10

that were diverted to those condominium owners who opted to have the windows in their condominium units replaced by Skyline is granted on liability with the amount to be determined at trial after the filing of note of issue; and it is further

ORDERED that the part of plaintiffs' motion that seeks summary judgment on plaintiffs' fifth cause of action for legal fees and costs, and sanctions against defendants, is denied; and it is further

ORDERED that defendants' cross-motion for summary judgment is denied in its entirety.

20240429125521PG0ETZ1E2537F5B49054SBFB4B66912F84012A1

__4/29/2024__
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**451463/2021   MANGOLD, J. MARSHALL vs. BOARD OF MANAGERS OF MEADOW**
Motion No.  002

Page 10 of 10

10 of 10